NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **TRADITIONAL TRIM WORK & DESIGN,** | |
| Plaintiff, | Civil Action No.: 12-3558 (ES) |
| v. | **OPINION** |
| **UNITEK GLOBAL SERVICES, INC.,** ABC CO. (1-10) fictitiously named business entities, and JOHN DOE (1-10) fictitiously named individuals | |
| Defendants. | |

SALAS, DISTRICT JUDGE

I.   INTRODUCTION

Pending before this Court is Defendant Unitek Global Services, Inc.'s ("Defendant" or "Unitek") motion to dismiss Plaintiff Traditional Trim Work & Design's ("Plaintiff" or "Traditional Trim") Complaint, or in the alternative, to strike Plaintiff's demand for attorneys' fees. (D.E. No. 5-1 ("Def. Mov. Br.")). The Court exercises jurisdiction under 28 U.S.C. § 1332(a). The Court decides Defendant's motion without oral argument pursuant to Fed. R. Civ. P. 78(b). As set forth below, Defendant's motion is GRANTED.

II.   BACKGROUND

Traditional Trim alleges that it "entered into a contract with Unitek Global Services . . . to perform preventative maintenance on 453 sites provided to Traditional Trim" throughout New Jersey and New York. (D.E. No. 1, Compl. ¶ 1). Traditional Trim alleges that this contract was a "written contract." (*Id.* ¶ 2). Traditional Trim further alleges that, if a repair was needed

"during a p.m. visit" and if that repair was "under the amount of $1,500.00," Traditional Trim could perform the work without any prior authorization from Unitek. (*Id.* ¶ 1). Any other repair, however, required authorization from Unitek. (*Id.*).

Traditional Trim alleges that it "performed work" at several locations and that it has a number of "outstanding invoice[s]." (*See id.* ¶¶ 3-60). Traditional Trim further alleges that it made "[n]umerous attempts . . . to obtain the monies owed to no avail." (*Id.* ¶ 61). It alleges outstanding amounts due for the invoices, some of which are above $1,500.00. (*See, e.g.*, *id.* ¶¶ 8, 11, 23, 27, 29, 45, 51, 53, 59).

Traditional Trim accordingly brought this action, alleging the following three counts: breach of contract and related damages amounting to $96,505.00 (Count One); unjust enrichment (Count Two); and allegations against fictitious defendants "which have ownership or control of any of the instrumentalities of the damages complained of herein or who are otherwise liable for damages complained of herein" (Count Three). (*Id.* ¶¶ 1-68). Traditional Trim seeks actual damages, compensatory damages, and "reasonable attorneys' fees and costs of suit in connection with this action pursuant to N.J.S.A. 56:8-19 and all other applicable statutes." (*See id.* at 8).

## III. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." *Iqbal*, 556 U.S. at 678. Notably, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But

the court is not required to accept "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

### A. Breach of Contract

Unitek argues that Traditional Trim fails to allege sufficient facts "concerning the essential elements of a valid contract to state a plausible claim under New Jersey law." (Def. Mov. Br. at 4). Unitek contends that the Complaint "is utterly silent as to the material terms of the purported contract, such as the contract's term, Plaintiff's responsibilities under the contract, or how the parties would determine the amount due . . . for work pursuant to the contract." (*Id.* at 4-5). Unitek asserts that Traditional Trim has failed to attach a copy of the purported contract to the Complaint and "even one of its allegedly outstanding invoices." (*Id.* at 1). Accordingly, Unitek concludes that the breach of contract claim "is a mere speculative claim for relief that Plaintiff hopes to develop through a fishing expedition during discovery." (D.E. No. 7, Defendant's Reply in further support of its Motion to Dismiss or, in the alternative, Strike Plaintiff's Demand for Attorneys' Fees ("Def. Reply Br.") at 1).

Unitek also argues that Traditional Trim fails "to allege sufficient facts concerning its performance of its contractual obligations to state a plausible claim for breach of contract." (*Id.*

3

at 5). To this extent, Unitek contends that the Complaint "contains no allegations of Plaintiff even requesting, much less Unitek granting, authorization to perform repair work, nor any allegations of whether any of the work Plaintiff supposedly performed was made during a 'p.m. visit.'" (*Id.* at 6).

In response, Traditional Trim concedes that it "does not possess a copy of the referenced Contract" but expects to obtain it "through the discovery process." (D.E. No. 6, Plaintiff's Letter Brief in Opposition to Defendant's Motion to Dismiss or, in the alternative, Strike Plaintiff's Demand for Attorneys' Fees ("Pl. Opp. Br.") at 1).[1] As to the invoices, Traditional Trim contends that it "does possess all of the invoices and would have liked to have forwarded the same throughout the discovery process instead of wasting resources now." (*Id.*). Traditional Trim provides the invoices referenced in its Complaint as an exhibit to its opposition to Unitek's motion to dismiss. (*See* D.E. No. 6, Ex. A).

To plead breach of contract in New Jersey, a party must allege "(1) there was a contract; (2) that contract was breached; (3) the breach resulted in damages, and (4) the person suing for breach performed his own contractual duties." *Darush L.L.C. v. Macy's Inc.*, No. 12-2167, 2012 WL 2576358, at *2 (D.N.J. July 3, 2012) (citing *Wade v. Kessler Inst.*, 778 A.2d 580, 586 (N.J. Super. Ct. App. Div. 2001)).

Traditional Trim's breach of contract claim must be dismissed. Traditional Trim alleges that the "parties entered into a written contract," that Traditional Trim "entered into a contract with Unitek . . . to perform preventative maintenance," and that the contract requires authorization unless the repair "needed [was] under the amount of $ 1,500.00." (Compl. ¶¶ 1-2).

---

[1] Plaintiff's letter-brief violates this District's local civil rules. *See* L. Civ. R. 7.1(d) & 7.2 (b)-(d). The Court will excuse this deficiency for purposes of resolving the instant motion, but will strike any future briefs that fail to comply with the District's local rules.

4

Although Traditional Trim then provides several dates in which it "performed work" at named sites, (*id.* ¶¶ 3-60), Traditional Trim does not allege the date of the contract such that the Court can draw an inference that an existing contract was breached. Similarly, Traditional Trim only alleges that it "performed work" but does not allege that such work constituted "preventative maintenance" under the purported contract. (*See id.* ¶ 1).

Although Traditional Trim provides a rather voluminous record of invoices as an exhibit to its opposition to Unitek's motion to dismiss, the Court cannot simply infer that such work constitutes "preventative maintenance" that was allegedly authorized under the purported contract.[2] (*See* Compl. ¶ 1). Indeed, doing so would be adding factual allegations into the Complaint, not drawing a reasonable inference in favor of Traditional Trim. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal quotations omitted). Thus, even taking the factual allegations as true, Traditional Trim has failed to allege sufficient facts in support of its breach of contract claim, and this claim is therefore dismissed.

### B. Unjust Enrichment

Unitek argues that Traditional Trim's Complaint lacks factual allegations necessary to raise a plausible claim for unjust enrichment. (Def. Mov. Br. at 6). Unitek contends that Traditional Trim must do "more than merely allege that Unitek was 'unjustly enriched'" but

---

[2] "In evaluating a motion to dismiss, [the Court] may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotations omitted). The Court may not, however, permit a party to amend its pleadings by attaching exhibits to its opposition brief. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (stating that "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (internal quotations omitted).

"also must provide substantive allegations demonstrating why the alleged enrichment was unjust and beyond [Defendant's] contractual rights." (*Id.* at 7 (internal quotations omitted)). Unitek asserts that Traditional Trim makes "no factual averments that Unitek benefited, much less that it unjustly benefited, at Plaintiff's expense." (*Id.*).

In response, Traditional Trim explains that "it has and will clearly demonstrate that sufficient facts exist to show the [D]efendant received a benefit from the [P]laintiff and the [D]efendant's retention of that benefit would be unjust." (Pl. Opp. Br. at 1). Traditional Trim contends that the alleged benefit is "demonstrated through the attached invoices and would be further substantiated by the [P]laintiff's witnesses." (*Id.*).

As an initial matter, the Court construes Traditional Trim's unjust enrichment claim as an alternative to its breach of contract claims because such claims are inconsistent. *See SDC Info. Servs., Inc. v. Intelligroup, Inc.*, No. 11-5874, 2012 WL 2119156, at *2 (D.N.J. June 11, 2012) (explaining that an unjust enrichment claim "may be made in the alternative, even where [it is] inconsistent with breach of contract claims"). In order to state a claim for unjust enrichment, Traditional Trim must show that (1) Unitek received a benefit from Traditional Trim; and (2) Unitek's retention of that benefit without payment would be unjust. *See VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994). Furthermore, the "unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Id.*

Here, Traditional Trim alleges two paragraphs in support of its unjust enrichment count: (1) "Plaintiffs [sic] repeat the allegations of the previous Count as if same were set forth herein at length"; (2) "By virtue of the foregoing, [D]efendant has been unjustly enriched and [P]laintiff is

6

entitled to judgment requiring [D]efendant to disgorge all profits and other sums unjustly retained." (Compl. ¶¶ 64, 65).

Traditional Trim's unjust enrichment claim must be dismissed. As such, Traditional Trim incorporates only allegations supporting its breach of contract claim and thus fails to provide any independent factual allegations supporting an unjust enrichment claim. (*See id.* ¶¶ 1-63). Such allegations are insufficient to support an unjust enrichment claim. *See Am. Rubber & Metal Hose Co., Inc. v. Strahman Valves, Inc.*, No. 11-1279, 2011 WL 3022243, at *8 (D.N.J. July 22, 2011) (granting motion to dismiss unjust enrichment claim "[b]ecause the unjust enrichment claim in the Complaint [was] based on the alleged Agreements"); *see also SDC Info. Servs.*, 2012 WL 2119156, at *2 (dismissing unjust enrichment claim and explaining that the plaintiff "failed to make factual allegations that would state a claim for unjust enrichment" where "the [c]omplaint [did] not even recite the elements of [the unjust enrichment claim]" but rather "refer[red] only to the parties' contractual relationship and to the [d]efendant's duties arising therefrom").

Here too, the Court cannot rely on Traditional Trim's record of invoices to somehow infer factual allegations to support an unjust enrichment claim. As noted, Traditional Trim's unjust enrichment claim is devoid of any factual allegations independent from those supporting its breach of contract claim. And the Court cannot *sua sponte* add factual allegations into the Complaint based on an exhibit. This is Traditional Trim's duty. *See Iqbal*, 556 U.S. at 678.

    **C.**    **Attorneys' Fees**

Unitek argues that, in the alternative, Traditional Trim's demand for attorneys' fees should be stricken. (Def. Mov. Br. at 7-9). More specifically, it argues that, "if the Court does not dismiss Plaintiff's Complaint in its entirety, the Court should strike Plaintiff's demand for

attorney's fees pursuant to a statute—the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* (the 'CFA')—under which Plaintiff does not even attempt to plead a claim." (Def. Reply Br. at 2). Since the Court has dismissed the claims against Unitek, the Court does not reach this issue.[3]

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's Complaint is dismissed *without* prejudice. The Court grants Plaintiff leave to file an amended complaint—consistent with this Opinion—within 45 days. An accompanying Order shall follow.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] Count Three of Traditional Trim's Complaint has no allegations against Unitek. (*See* Compl. ¶¶ 66-68). Indeed, Traditional Trim explains that Count Three was included "in case an additional defendant comes into the case." (Pl. Opp. Br. at 2).